Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARREN MACDONALD,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **YBARRA PROFESSIONAL BUILDERS**, a California corporation, <br><br> *Defendant*. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Darren MacDonald. ("Plaintiff MacDonald" or "MacDonald") brings this Class Action Complaint and Demand for Jury Trial against Defendant Ybarra Professional Builders, ("Defendant" or "Ybarra Professional Builders") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited telemarketing calls to consumers whose phone numbers are

registered on the National Do Not Call Registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff MacDonald, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.  Plaintiff MacDonald is a resident of Scottsdale, Arizona.

2.  Defendant Ybarra Professional Builders is a corporation registered in California, with its headquarters located in Riverside, California. Defendant Ybarra Professional Builders conducts business throughout this District and throughout California.

## JURISDICTION AND VENUE

3.  This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.  This Court has personal jurisdiction and venue is proper since Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District to the Plaintiff.

CLASS ACTION COMPLAINT

2

# INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.0 billion robocalls were placed in February 2024 alone, at a rate of 137.2 million per day. www.robocallindex.com (last visited March 24, 2024).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Defendant Ybarra Professional Builders is a home remodeling corporation that provides remodeling services to consumers throughout the West Coast, including California, Oregon and Arizona.[3]

14. Defendant places telemarketing calls *en masse* to consumers to generate remodeling business.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://ybarrabuilders.com/index.php/about-us/

15. Some of the unsolicited telemarketing calls from Ybarra Professional Builders are placed to consumers whose phone numbers are registered on the DNC, as per Plaintiff's experience.

16. To make matters worse, Ybarra Professional Builders continues to place unsolicited calls after being instructed to stop calling.

17. Ybarra Professional Builders places calls to consumers using the name General Builders to avoid being identified, as per Plaintiff's experience.

18. Consumers have posted complaints online about unsolicited calls they received from the Defendant using the name Professional Builders, including:

> **(323) 643-7428** is a Home Improvement Robocall
> Be cautious.
>
> LISTEN ▶ 0:00 / 0:57
>
> TRANSCRIPT: *Hi. I'm not quite sure if I have the right person here. Am I speaking to Bruce? My name here is Arali. I'm calling on behalf of general builders. Hello? Yeah, well, we're home improvement service providers. We're trying to reach out to provide you a free estimate. Now, we do service such as, like landscaping, remodeling, roofing, painting. Okay. All right. So you would like to give brief history about the project you like to do. What's the project you want to do? What's the project you're doing on?*
>
> DATE BLOCKED: March 12, 2024
> CALL ACTIVITY: Low — Last detected 1 week ago — 4

---

[4] https://www.nomorobo.com/lookup/323-643-7428

**(510) 335-8291 is a Home Improvement Robocall**
Be cautious.

LISTEN ▶ 0:00 / 0:34

TRANSCRIPT: Scott, this is. Are you hearing me? This is Alia, and I'm doing good myself. I'm calling from general Builders. We are a home improvement service provider, and we're reaching out to see if we can.

DATE BLOCKED: March 23, 2024

CALL ACTIVITY: High   Last detected 1 day ago [5]

**(925) 310-8723 is a Home Improvement Robocall**
Be cautious.

LISTEN ▶ 0:00 / 0:20

TRANSCRIPT: Hi. This is Yolanda from general Builders. I was just reaching out to see. Yes, sir. Yeah, I'm reaching out to see if we can assist you with estimates for any home improvement project.

DATE BLOCKED: March 18, 2024

CALL ACTIVITY: Low   Last detected 6 days ago [6]

19. In response to these calls, Plaintiff MacDonald brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF MACDONALD'S ALLEGATIONS**

20. Plaintiff MacDonald is the sole owner and user of his cell phone number ending in 5850.

---

[5] https://www.nomorobo.com/lookup/510-335-8291
[6] https://www.nomorobo.com/lookup/925-310-8723

21. Plaintiff MacDonald registered his cell phone number on the DNC on August 27, 2003.

22. Plaintiff MacDonald uses his cell phone number for personal use only as one would use a landline telephone number in a home.

23. Plaintiff MacDonald has never advertised his cell phone number for business purposes.

24. Plaintiff MacDonald's cell phone number has never been associated with a business.

25. Plaintiff MacDonald pays for his cell phone service and the cell phone is registered under his name.

26. Plaintiff MacDonald uses his cell phone number to communicate with family and friends, and for household purposes only.

27. The phone calls that Plaintiff MacDonald received from Defendant Ybarra Professional Builders were all received more than 31 days after the Plaintiff registered his cell phone number on the DNC.

28. On March 7, 2024 at 11:49 AM, Plaintiff MacDonald received an unsolicited call from the Defendant to his cell phone from 928-364-6785.

29. When Plaintiff MacDonald answered this call, an employee said that she was calling from General Builders to offer a free quote on a remodeling project.

30. Plaintiff MacDonald told the employee that his phone number is registered on the DNC and told her not to call him again.

31. Despite Plaintiff's clear stop request, he received a 2nd unsolicited call from the Defendant to his cell phone on March 15, 2024 at 12:30 PM from 619-367-2659.

32. When Plaintiff MacDonald answered this call, an employee said that her name was Shenique and that she was calling from General Builders to offer a free quote on a remodeling project.

33. Plaintiff MacDonald played along with the employee to find out the name of the company that was calling, because he knew that General Builders was not the actual name of the company.

34. Plaintiff MacDonald agreed to book an appointment and was told that he could call General Builders back at 877-746-4343.

35. 877-746-4343 is owned/operated by Ybarra Professional Builders.

36. On March 15, 2024 at 12:37 PM, Plaintiff MacDonald received another call from Ybarra Professional Builders, from 916-232-4520.

37. The purpose of this call was for the Defendant to confirm Plaintiff's residential address. The employee listed an Oregon address to Plaintiff that Plaintiff MacDonald did not recognize.

CLASS ACTION COMPLAINT

38. On March 17, 2024 at 9:48 AM, Plaintiff MacDonald received a call from Ybarra Professional Builders to his cell phone from 424-282-1246 to confirm the appointment that was scheduled for later that day.[7]

39. Plaintiff hung up the phone when he heard what the call was regarding.

40. Plaintiff MacDonald has never done business with Ybarra Professional Builders and has never given them consent to call his phone number.

41. Plaintiff MacDonald was not looking to get any remodeling or construction work done to his home.

42. The unauthorized solicitation phone calls that Plaintiff MacDonald received from or on behalf of Defendant Ybarra Professional Builders have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

43. Seeking redress for these injuries, Plaintiff MacDonald, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

44. Plaintiff MacDonald brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1)

---

[7] Plaintiff is not asserting a claim based on this call.

CLASS ACTION COMPLAINT

9

Ybarra Professional Builders or an agent calling on its behalf called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

45. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff MacDonald anticipates the need to amend the Class definition following appropriate discovery.

46. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

47. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

CLASS ACTION COMPLAINT

Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant or an agent working on behalf of the Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

48. **Adequate Representation**: Plaintiff MacDonald will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff MacDonald has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff MacDonald and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff MacDonald nor his counsel have any interest adverse to the Class.

49. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform

relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff MacDonald. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff MacDonald and the Do Not Call Registry Class)**

50. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

51. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

52. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

53. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff MacDonald and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

54. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff MacDonald and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

55. As a result of Defendant's conduct as alleged herein, Plaintiff MacDonald and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

56. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff MacDonald requests a jury trial.

Respectfully Submitted,

**DARREN MACDONALD**, individually and on behalf of all others similarly situated,

CLASS ACTION COMPLAINT

DATED this 26th day of April, 2024.

> By: /s/ *Rachel E. Kaufman*
> Rachel Elizabeth Kaufman
> Kaufman P.A.
> 237 South Dixie Highway, Floor 4
> Coral Gables, FL 33133
> (305) 469-5881
> Email: Rachel@kaufmanpa.com
>
> *Attorney for Plaintiff and the putative Class*

CLASS ACTION COMPLAINT

15